State Lumber Company,
Inc., et als.
vs.     Eq. No. 9931.
Joseph P. Cuddigan, et al.

March 20, 1930.

CAPOTOSTO, J. Demurrer to a Bill in Equity seeking to establish a trust.

The complainants and respondents entered into an oral agreement with reference to four second mortgages which they had taken in their individual names on certain houses in the construction of which they had furnished labor or material, whereby they and each of them would refrain from bidding at any foreclosure sale under the mortgage held by any one of the others; that the houses in question were to be completed by the parties in interest, sold at the best possible prices, and the proceeds from the sale of all the houses applied in payment of outstanding claims.

It is alleged that the respondent Cuddigan secured title to two of the houses and has refused to carry out the agreement between the parties. The demurrer questions the enforceability of the agreement by reason of the Statute of Frauds.

The question of resulting and constructive trusts has been clearly discussed in a number of our reported cases. The facts in this case do not support a resulting trust. They are quite different from the circumstances in

> Jenckes vs. Cook, 9 R. I. 520;
> Aborn vs. Padelford, 17 R. I. 143;
> Coleman vs. McKee, 24 R. I. 596;
> Thompson vs. Prew, 148 Atl. 343.

Some excerpts from these reported cases are cited in support of the bill in this case. Counsel for complainants, however, overlooks vital difference of fundamental facts.

Do the facts stated in the bill raise a constructive trust? This Court believes that a constructive trust will be established only where fraud, actual or constructive, is practiced at the time the agreement is made. The mere non-performance of an agreement free from fraud at its inception does not constitute such constructive fraud as to give rise to a constructive trust. The facts alleged in this case do not fall within the rules governing constructive trusts as understood by this Court.

> Whiting vs. Dyer, 21 R. I. 278;
> Industrial Tr. Co. vs. Colt, 46 R. I. 319;
> Broadway Building Co. vs. Salafia, 47 R. I. 263;
> Rosati vs. Rossi, 47 R. I. 493.

Demurrer sustained.

For complainants: Archambault & Archambault and George Roche.

For respondents: McGovern & Slattery, Edwards & Angell, John F. Collins.